## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

RACHELLE KLINE
    **On Behalf of Charles Young**
       Plaintiff,

    v.
                                   Case No. 17-CV-919

**NANCY A. BERRYHILL[1],**
    **Acting Commissioner of Social Security**,

       Defendant.

---

## DECISION AND ORDER

---

Charles Young alleges disability based on a number of physical impairments. After the Social Security Administration denied his applications for disability benefits, Mr. Young requested and received a hearing before an Administrative Law Judge (ALJ). The ALJ determined that Mr. Young remained capable of working notwithstanding his impairments. Mr. Young now seeks judicial review of that decision.

Mr. Young argues that the ALJ erred in finding him capable of performing a full range of work at all exertional levels and therefore ineligible for disability benefits. The Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons that follow, the Court

---

[1] Nancy A. Berryhill assumed the position of Acting Commissioner of Social Security in January 2017 and, therefore, should be substituted as the named defendant in this action. *See* Fed. R. Civ. P. 25(d).

finds that the ALJ committed reversible error when he determined that Mr. Young is not disabled and will remand the case to the Commissioner for further proceedings consistent with this Decision and Order.

## I.       Background

Charles Young was born on June 7, 1972. As of June 15, 2016, Mr. Young was unmarried with one minor child. Plaintiff's Brief 1. Mr. Young has no income. He previously worked as a forklift driver and a barber but stopped working in 2012 due to physical ailments. Tr. 35-36. Mr. Young passed away on May 16, 2017. Pl.'s Br. 1.

Mr. Young suffered from several impairments including obstructive sleep apnea, obesity, lower extremity edema, asthma, chronic pulmonary disease, foot pain, chronic low back pain, and rheumatoid arthritis. Pl.'s Br. 2-8. In August 2013 Mr. Young applied for social security disability insurance and supplemental security income, alleging an onset date of October 1, 2012. Pl.'s Br. 1. After the Social Security Administration denied his applications initially and upon reconsideration, Mr. Young requested and received a hearing before an administrative law judge. Pl.'s Br. 1. Mr. Young was represented by counsel at the June 15, 2016, hearing. The ALJ heard testimony from Mr. Young and a vocational expert. Tr. 32-60.

The ALJ followed the five-step sequential evaluation process and on July 12, 2016, he issued a decision unfavorable to Mr. Young. Tr. 12-19. The ALJ determined that (1) Mr. Young has not engaged in substantial gainful activity since October 1, 2012, the alleged onset date; (2) Mr. Young suffers from the following severe

impairments: obstructive sleep apnea, asthma/ chronic obstructive pulmonary disease, and obesity; (3) Mr. Young does not suffer from an impairment or combination of impairments that meets or medically equals the severity of a presumptively disabling impairment. Moreover, according to the ALJ, Mr. Young has the residual functional capacity (RFC) to perform a full range of work at all exertional levels with the following limitations: (a) no concentrated exposure to extreme temperatures, humidity, or pulmonary irritants; and (b) no exposure to industrial machinery and unprotected heights. The ALJ then found that, given this RFC, (4) Mr. Young remained capable of performing past relevant work as a barber. *See* Tr. 14-18. Based on those findings, the ALJ concluded that Mr. Young was not disabled.

Thereafter, the Appeals Council denied Mr. Young's request for review, Tr. 1-6, making the ALJ's decision the final decision of the Commissioner of Social Security. *See Loveless v. Colvin*, 810 F.3d 502, 506 (7th Cir. 2016).

Rachelle Kline filed this action on behalf of Mr. Young on July 6, 2017, seeking judicial review of the Commissioner's decision under 42 U.S.C. § 405(g). Complaint, ECF No. 1. The matter was reassigned to this Court after both parties consented to magistrate judge jurisdiction. *See* Consent to Proceed Before a Magistrate Judge, ECF Nos. 4 & 6 (citing 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b)). It is now fully briefed and ready for disposition. *See* Pl.'s Br., ECF No. 13; Def.'s Mem. in Support of the Commissioner's Decision, ECF No. 15; and Pl.' s Reply Br., ECF. No 16.

## II.     Standard of Review

"Judicial review of Administration decisions under the Social Security Act is governed by 42 U.S.C. § 405(g)." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010)). Pursuant to sentence four of § 405(g), federal courts have the power to affirm, reverse, or modify the Commissioner's decision, with or without remanding the matter for a rehearing.

Judicial review is limited to determining whether the Commissioner's final decision is supported by "substantial evidence." *See* § 405(g); *see also Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore*, 743 F.3d at 1120–21 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The ALJ's decision must be affirmed if it is supported by substantial evidence, "even if an alternative position is also supported by substantial evidence." *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004).

In reviewing the record, this Court "may not re-weigh the evidence or substitute its judgment for that of the ALJ." *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004). Rather, the Court must determine whether the ALJ built an "accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014); *Moore*, 743 F.3d at 1121. The ALJ's decision must be reversed "[i]f the evidence does not support the conclusion."

*Beardsley*, 758 F.3d at 837. Likewise, the Court must remand "[a] decision that lacks adequate discussion of the issues." *Moore*, 743 F.3d at 1121.

Reversal also is warranted "if the ALJ committed an error of law or if the ALJ based the decision on serious factual mistakes or omissions," regardless of whether the decision is otherwise supported by substantial evidence. *Beardsley*, 758 F.3d at 837 (citations omitted). An ALJ commits an error of law if his decision "fails to comply with the Commissioner's regulations and rulings." *Brown v. Barnhart*, 298 F. Supp. 2d 773, 779 (E.D. Wis. 2004). Reversal is not required, however, if the error is harmless. *See, e.g., Farrell v. Astrue*, 692 F.3d 767, 773 (7th Cir. 2012); *see also Keys v. Barnhart*, 347 F.3d 990, 994–95 (7th Cir. 2003).

## III. Discussion

Mr. Young maintains that he is disabled and therefore entitled to disability benefits under the Social Security Act; alternatively, he seeks a remand to the Commissioner for further administrative proceedings. Pl.'s Br. 22-23.

### A. Legal Framework

Under the Social Security Act, a person is "disabled" only if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 416(i)(1) and 423(d)(1)(A). The disability must be sufficiently severe that the claimant cannot return to his prior job and is not capable of

engaging in any other substantial gainful work that exists in the national economy. § 423(d)(2)(A).

In determining whether a person is disabled, the SSA must follow a five-step sequential evaluation process, asking, in order: (1) whether the claimant has engaged in substantial gainful activity since his alleged onset of disability; (2) whether the claimant suffers from a medically determinable impairment or combination of impairments that is severe; (3) whether the claimant's impairment or combination of impairments is of a severity to meet or medically equal the criteria of any impairment listed in the SSA regulations as presumptively disabling; (4) whether the claimant's RFC leaves him unable to perform the requirements of his past relevant work; and (5) whether the claimant is unable to perform any other work. *See* 20 C.F.R. § 404.1520(a)(4).

An affirmative answer at either step three or step five leads to a finding that the claimant is disabled. *Briscoe*, 425 F.3d at 352. "The claimant bears the burden of proof at steps one through four." *Id*. Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id*.

**B. Legal analysis**

Mr. Young argues that the ALJ erroneously ignored the symptoms and limitations of his rheumatoid arthritis, improperly rejected the opinions of his

treating medical providers, and improperly discounted his subjective complaints. The Court will address each argument in turn.

### 1. Whether the ALJ erred by ignoring the limitations from Mr. Young's arthritis

Mr. Young argues that the ALJ completely ignored the resulting symptoms and limitations from Mr. Young's rheumatoid arthritis, and that this error adversely affected the ALJ's findings at steps two through four of the disability evaluation process. Pl.'s Br. 9. The Commissioner counters that the ALJ's conclusions regarding Mr. Young's rheumatoid arthritis constituted harmless error at most and that under a harmless error analysis, the party seeking the judgment to be set aside bears the burden of explaining why prejudice resulted from an erroneous ruling. Def.'s Mem. 3. As discussed below, the ALJ erred, and the error was not harmless.

In assessing Mr. Young, the law requires the ALJ to determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is considered "severe" if it significantly limits an individual's ability to perform basic work activities.

The ALJ determined that Mr. Young had the following severe impairments: obstructive sleep apnea, asthma, chronic obstructive pulmonary disease, and obesity. Tr. 14. The ALJ further determined that although Mr. Young had been tested for rheumatoid arthritis, because there was no formal diagnosis of the impairment, it was non-severe. *See* Tr. 14.

The conclusion that Mr. Young had not been given a formal diagnosis for rheumatoid arthritis is incontrovertibly wrong. On April 23, 2014, Mr. Young reported to a rheumatology clinic for evaluation of rheumatoid arthritis. Tr. 573. The rheumatologist, Dr. Goldman, diagnosed Mr. Young with rheumatoid arthritis and prescribed Prednisone and Hydroxychloroquine. Tr. 574-75. Since his initial rheumatoid arthritis diagnosis, Mr. Young's medical records have been saturated with evidence of the active disease, medication additions and adjustments, and even a second diagnosis of rheumatoid arthritis. *See* Exhs. 12F; 13F. There is no evidence in the record to support the ALJ's conclusion at step two regarding the severity of Mr. Young's rheumatoid arthritis.

The ALJ's unsound conclusion regarding Mr. Young's severe impairments at step two adversely affected her finding at step three, thereby belying any claim that the error was harmless. Step three of the evaluation process requires an ALJ to determine the medical severity of the claimant's impairments. If the claimant has an impairment or combination of impairments that meet a medical listing, he or she will be found disabled. *See* 20 C.F.R. § 404.1520. At this step in her analysis, the ALJ determined that Mr. Young had no impairments that would meet or medically equal a listed impairment. As support, the ALJ stated that she considered the opinions of the State Agency medical consultants who evaluated Mr. Young's record at the initial and reconsideration levels of the administration process. The ALJ also stated that she "specifically considered the rheumatoid arthritis under listing 14.09" in reaching her conclusion. Tr. 15.

The ALJ's analysis at this step is perfunctory for many reasons. *First*, the ALJ stated that she considered, and ultimately agreed with, the opinions of the State Agency medical consultants, but she failed to provide any substantive detail about those opinions. *See* Tr. 15. Although it is not required for an ALJ to explicitly describe every piece of evidence that she considered, an ALJ must still build an "accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014).

*Second*, the State Agency consultants never evaluated Mr. Young's rheumatoid arthritis at the initial and reconsideration level of the administrative review process. The State Agency consultants rendered their opinions in November 2013; Mr. Young was not diagnosed with rheumatoid arthritis until April 2014. *See* Ex. 1A; Ex. 12F. It therefore follows that the State Agency consultants opined as to Mr. Young's disability without ever having the benefit of the treatment notes and opinions of the medical provider who diagnosed Mr. Young with rheumatoid arthritis. By simply stating that she and the State Agency medical consultants reached the same conclusion regarding the severity of Mr. Young's impairments without providing any further detail, it is unclear whether the ALJ considered the evidence as whole, including the treatment notes provided by Mr. Young's rheumatologist.

*Finally*, the ALJ stated that she "specifically considered the rheumatoid arthritis under listing 14.09." Tr. 15. Yet, she does not provide any analysis beyond

that statement. *Id.* As Mr. Young points out in his brief, since the ALJ was erroneously under the impression that no formal diagnosis for rheumatoid arthritis was ever given, it is unclear whether listing 14.09 was ever sufficiently evaluated. *See* Pl.'s Br. 13-14. "Failure to discuss . . . a listing, combined with an otherwise perfunctory analysis, may require a remand." *Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003). Because a claimant can be found disabled at step three of the evaluation process, the ALJ's failure to discuss listing 14.09, or any other listing pertaining to rheumatoid arthritis, was prejudicial. The ALJ's lack of an adequate discussion of Mr. Young's rheumatoid arthritis at steps two and three requires a remand.

   2. **Whether the ALJ improperly discounted the opinions of Mr. Young's treating medical providers**

Mr. Young next argues that the ALJ erroneously weighed the opinions of his treating medical providers which resulted in a denial of disability that is not supported by substantial evidence. Specifically, Mr. Young argues that even if a medical opinion is not entitled to "controlling" weight, that medical opinion is still entitled to deference and should be weighed using "all the factors" provided in 20 C.F.R § 404.1527. *See Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) ("If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion.").

Here, the ALJ received medical opinion evidence from four of Mr. Young's medical providers: Ms. Johnson-Farmer and Ms. Staskunas, both of whom are nurse practitioners, as well Dr. Czymbor and Dr. Bautista, Mr. Young's podiatrist and treating physician respectively.

Regarding the nurse practitioners, their opinions were largely the same: Mr. Young would be off-task 30% (or more) of the workday due to pain and fatigue; he would only work efficiently up to 50% of the workday; he would be able to stand/walk less than two hours in an eight-hour workday, and sit less than two hours in an eight-hour workday. Their opinions differ in the amount of weight they believed Mr. Young could lift: Ms. Johnson-Farmer opined that Mr. Young could lift no more than ten pounds whereas Ms. Staskunas opined he could lift no more than twenty pounds. Tr. 17; *see also* Exhs. 16F, 9F.

The ALJ opted not to give either of the nurse practitioners' opinions significant weight, first reasoning that they were not acceptable medical sources. Tr. 17. In certain circumstances, the ALJ must give controlling weight to a treating source's medical opinion. *See* 20 C.F.R. § 404.1527(c)(2); Social Security Ruling No. 96-2p. But only "acceptable medical sources" can provide medical opinions that may be entitled to controlling weight. *See* Social Security Ruling No. 06-3p. It is well-settled law that the opinion of a nurse practitioner is not an opinion from an "acceptable medical source." *See* 20 C.F.R. § 404.1513; *see also Turner v. Astrue*, 390 F. App'x 581, 586 (7th Cir. 2010) (finding that the opinion of a nurse practitioner is not entitled to controlling weight because a nurse practitioner is not a "treating

11

source"). Accordingly, the ALJ did not err in failing to assign controlling weight to either of the nurses' opinions on the ground that they were not "acceptable medical sources."

A nurse practitioner's opinion may nevertheless be accorded significant weight but the ALJ declined to do so because their opinions here were "inconsistent with the objective medical evidence" in the record. Tr. 17. Yet, the ALJ failed to even minimally cite to the record in reaching this conclusion. Reasoned agency decision making requires more. Because the ALJ did not indicate in any way how the opinions conflicted with objective evidence, the ALJ's decision must be remanded.

Treating podiatrist Dr. Czymbor opined that Mr. Young could stand/walk less than two hours in an eight-hour workday; sit for at least six hours in an eight-hour workday; would require unscheduled breaks; and could rarely lift over twenty pounds. Tr. 17; Exh. 8F. The ALJ stated that she could not give this opinion controlling weight because it was inconsistent with the objective medical evidence. Tr. 17. She further stated that Dr. Czymbor did not provide any objective medical evidence in his medical source statement. *Id.*

The ALJ correctly observed that failing to provide objective medical evidence to support an opinion is a "good reason" to not give controlling weight to a treating source's opinion. 20 C.F.R. § 404.1527(c)(2) (An ALJ must give "controlling weight" to a treating source's opinion if it is both "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other

12

substantial evidence"). This failure however, is not a reason to reject the opinion altogether. As mentioned above, a treating source's medical opinion, if not given controlling weight, must be weighed using the factors provided by the regulations. The ALJ here did not offer any analysis as to the weight that she assigned Dr. Czymbor's opinion nor did she explain her conclusion that Dr. Czymbor's opinion is inconsistent with the objective evidence in the record.

Lastly, the ALJ did not give controlling weight to Mr. Young's treating physician Dr. Bautista, who opined that Mr. Young could walk/stand less than two hours in a workday; sit less than two hours in a workday; and lift no more than ten pounds. Tr. 17. The ALJ reasoned that Dr. Bautista's opinion was inconsistent with the objective medical evidence, but again did not cite to the record to showcase these inconsistencies. Tr. 18. The ALJ 's lack of discussion in this regard is further cause for a remand.

### 3. Whether the ALJ improperly evaluated Mr. Young's subjective complaints

Mr. Young argues that the ALJ improperly discounted his testimony about his pain and limitations. When considering a claimant's subjective symptoms, the ALJ must follow a two-step process. *See* Social Security Ruling 16-3p; *See also* 20 C.F.R. § 404.1529. First, the ALJ must determine whether the individual has "a medically determinable impairment that could reasonably be expected to produce the individual's alleged symptoms." *Id*. Second, the ALJ must "evaluate the intensity, persistence, and limiting effects of the individual's symptoms such as pain

and determine the extent to which an individual's symptoms limits his or her ability to perform work-related activities." *Id.*

An ALJ's appraisal of claimants' assertions regarding their symptoms "is entitled to deference" and will not be upset unless it is "'patently wrong,'" *Bates v. Colvin*, 736 F.3d 1093, 1098 (7th Cir. 2013) (quoting *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013)), or is "divorced from the facts contained in the record," *Berger v. Astrue*, 516 F.3d 539, 546 (7th Cir. 2008). "Further, the ALJ must explain her decision in such a way that allows us to determine whether she reached her decision in a rational manner, logically based on her specific findings and the evidence in the record." *McKinzey v. Astrue*, 641 F.3d 884, 890 (7th Cir. 2011) (citations omitted).

The ALJ found that Mr. Young's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence in the record. Tr. 16. As support, the ALJ cited to portions of the record that showed that Mr. Young's asthma had been well controlled with medication and was described as mild and uncomplicated; that Mr. Young's musculoskeletal exams were relatively normal, showed full range of motion in the upper extremities and spine, and showed normal reflexes; that Mr. Young's progress reports noted improvement with treatment; and that Mr. Young reported that his ability to complete activities of daily living had improved. Tr. 16-17; Exhs. 5F, 6F, 12F, 13F.

To rebut the ALJ's finding that Mr. Young's subjective complaints were inconsistent with the medical evidence in the record, Mr. Young provides a list of "objective medical evidence and physical exams that would tend to detract from [the ALJ's] conclusion." Tr. 19-22. But in doing so, Mr. Young simply repeats certain evidence from the record rather than argue how that evidence refutes the ALJ's conclusion. *Schmidt v. Barnhart*, 395 F.3d 737, 747 (7th Cir. 2005) (affirming the ALJ's credibility determination where the claimant's "contentions to the contrary are nothing more than a rehash of the medical records that do not point to any specific evidence contradicting the ALJ's conclusions"). Because the ALJ's credibility determination is supported by substantial evidence, it is not "patently wrong" and thus will not be disturbed.

**Conclusion**

For all the foregoing reasons, the Court finds that the ALJ committed reversible error in determining that Mr. Young was not disabled as of October 1, 2012. The Court therefore will reverse that part of the ALJ's decision denying Mr. Young's claim for disability benefits and remand the case to the Commissioner for further proceedings consistent with this Decision and Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Commissioner's decision is **REVERSED** and **REMANDED** to the Commissioner pursuant to sentence four of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment

accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of November, 2018.

**BY THE COURT:**


*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge